[630 NYS2d 1]

In the Matter of SARBJIT S. BAJAJ (Admitted as SARBJIT SINGH BAJAJ), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 14, 1994

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Sarbjit S. Bajaj,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Sarbjit S. Bajaj was admitted to the practice of

law in New York by the First Department on May 2, 1983, under the name Sarbjit Singh Bajaj.

On or about September 29, 1993 respondent pleaded guilty in the United States District Court for the District of Alaska to one count of filing a false application with the Department of Immigration and Naturalization Service (INS) (count 19), in violation of 8 USC § 1255a (c) (6), which constitutes a felony under the United States Code.

On March 25, 1994 respondent was sentenced to a term of imprisonment of 12 months and upon release from prison for a period of probation for three years. Respondent was also assessed $50 and fined $3,000.

Respondent admitted in his plea allocution that he caused an application to be submitted to the INS reflecting that his client resided in Alaska when he knew this was false.

Based on respondent's conviction, petitioner Departmental Disciplinary Committee seeks an order striking his name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), upon the ground that respondent has been automatically disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e).

The Committee states that respondent's conduct as reflected in his Federal conviction would constitute a violation of New York State Penal Law § 175.35, offering a false instrument for filing in the first degree, a class E felony.

By cross motion respondent seeks an extension until June 4, 1995 to submit an answer to the petition of the Departmental Disciplinary Committee, when he would be free of incarceration and better able to respond to the petition. Further, respondent claims that there is no corresponding New York felony and that filing an initial amnesty application does not constitute an instrument.

The respondent stands convicted of filing a false application with the Department of Immigration and Naturalization Service, in violation of 8 USC § 1255a (c) (6) which provides as follows: "Whoever files an application for adjustment of status under this section and knowingly and willfully falsifies, misrepresents, conceals, or covers up a material fact or makes any false, fictitious, or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious, or fraudulent statement or entry, shall be fined in accordance with title 18 * * * or imprisoned not more than five years, or both."

New York Penal Law § 175.35, which is relied upon by the Committee as a predicate for automatic disbarment here, provides as follows:

"Offering a false instrument for filing in the first degree.

"A person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision thereof, he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant."

The two statutes are essentially similar. The essence of both offenses is knowingly filing a false written statement with a public office. We reject the contention that filing an initial amnesty application does not constitute a written instrument under Penal Law § 175.35. *(See, Matter of Lyons,* 205 AD2d 239.)

The Rules of this Court provide that a certificate of conviction shall be conclusive evidence of guilt of that crime in any disciplinary proceeding based on the conviction (22 NYCRR 603.12 [c]).

Inasmuch as there is no hearing or oral argument required in a proceeding of this kind, there is no reason to grant the request to defer consideration. Accordingly, respondent's cross motion for an order extending his time until June 4, 1995 to answer the Committee's petition should be denied, and the petitioner's motion should be granted and respondent's name should be stricken from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), forthwith.

CARRO, J. P., ROSENBERGER, KUPFERMAN, NARDELLI and TOM, JJ., concur.

Petition granted, cross motion for an extension of time to respond is denied, and respondent's name is directed to be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective July 14, 1994.